UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LEZARK, | Case No. |
| Plaintiff, | CLASS ACTION |
| v. | **JURY TRIAL DEMANDED** |
| I.C. SYSTEM, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, bring this action against Defendant and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendant for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims at issue under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has personal jurisdiction over Defendant because the claims at issue arose in this district and Defendant does substantial business in this district.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person that resides in Allegheny County, Pennsylvania.

6. Defendant is a corporation with its principal place of business in Saint Paul, Minnesota.

7. Defendant's sole business is collecting debts.

8. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

9. Defendant uses instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect consumer debt.

## FACTUAL ALLEGATIONS

10. This case concerns a past-due medical obligation (the "Account") that is allegedly owed to Tri-State Ortho and Sports Medicine Inc. ("Tri-State").

11. The Account arose out of a transaction primarily for personal, family, or household purposes.

12. No part of the Account was related to business transactions.

13. At some point, Tri-State contracted with Defendant to collect the Account.

14. On April 1, 2019, Defendant mailed and/or caused to be mailed to Plaintiff a letter in an attempt to collect the Account.

15. Plaintiff reviewed the April 1, 2019 letter.

16. The letter stated: "If you fail to contact us to discuss payment of this account, our client has authorized us to pursue additional remedies to recover the balance due, including referring the account to an attorney."

17. This statement is false, deceptive, and misleading because it implies that legal action is possible with respect to the Account.

18. The least sophisticated consumer would reasonably believe or be confused that an attorney could be involved and/or legal action was a possibility based on the claim that Defendant was "authorized … to pursue additional remedies to recover the balance due, including referring the account to an attorney."

19. Unbeknownst to the least sophisticated consumer at the relevant time of review of the subject letter, legal action was not a possibility and/or intended with respect to the Account.

20. According to a public records search, Tri-State, over the past decade, has not filed a lawsuit in any Allegheny County court.

21. Additionally, most Pennsylvania medical providers do not pursue legal action against consumers in the Commonwealth of Pennsylvania.

22. By claiming it was authorized to refer the Account to an attorney and pursue additional remedies, Defendant implied legal action was possible with respect to the Account.

23. This implication was false, deceptive, and misleading because legal action was not a possibility and/or intended with respect to the Account.

24. It is not bizarre or idiosyncratic for the least sophisticated debtor to read the language identified in Defendant's letter and take the language to mean that legal action was possible with respect to the Account.

25. A debtor that believed legal action was possible could be induced to make payment to Defendant.

26. The letter's false, deceptive, misleading, and/or confusing language was material.

27. Defendant's conduct harmed Plaintiff and violated Plaintiff's legal rights.

28. Defendant regularly collects debts in the Commonwealth of Pennsylvania.

29. Defendant regularly sends letters to Pennsylvania consumers as part of these collection activities.

30. Defendant's letters routinely state that Defendant may refer a medical account to an attorney although Defendant's medical provider client(s) never pursue legal action.

31. These letters, similar to the letter Plaintiff received, harmed Pennsylvania consumers and violated their legal rights.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

33. Plaintiff seeks to certify the following class: "All individuals in the state of Pennsylvania who, within the applicable statute of limitations, received a letter from Defendant in which Defendant claimed it was authorized to refer a medical debt to an attorney."

34. Plaintiff reserves the right to expand, narrow, or otherwise modify the class as the litigation continues and discovery proceeds.

35. <u>Numerosity:</u> The class is so numerous that joinder is impracticable. On information and belief, the members of the class number in the hundreds.

36. <u>Ascertainability:</u> The class is ascertainable because Defendant and its clients keep and collect identifying information on each class member.

37. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the class because the claims of Plaintiff and the class are based on the same legal theories and arise from the same conduct.

38. <u>Commonality and Predominance:</u> Plaintiff and the class members share numerous common questions of law and fact that will drive the resolution of this litigation and that

4

predominate over any individual issues. For instance, there is a single common answer to the question of whether it is false, misleading, or deceptive for Defendant to claim it is authorized to refer a medical debt to an attorney even though the medical provider does not take legal action against its customers. The answer to this question will drive the resolution of Plaintiff's claims and the claims of the members of the class simultaneously. This common question and others will predominate over any individual issues.

39. <u>Adequacy</u>: Plaintiff is an adequate representative of the class because Plaintiff's interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the class. Plaintiff has no interest antagonistic to the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation generally and FDCPA litigation specifically.

40. <u>Superiority</u>: The injury sustained by each class member is not of such magnitude that it is economically feasible to prosecute individual actions against Defendant. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692,** *et seq.*

41. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

42. This claim is brought individually and on behalf of the class.

43. Plaintiff is a consumer, the Account is a debt, and Defendant is a debt collector under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

44. Defendant's actions and practices described herein constitute as: false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and/or unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

45. As a result of Defendant's failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendant's failure caused, Plaintiff and the members of the class are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed class, appointing Plaintiff as representative of the proposed class, and appointing undersigned counsel as counsel for the proposed class;

b. An order awarding actual, statutory, and all other damages available by law, along with pre-and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendant's conduct unlawful;

e. An order awarding all other relief that is just, equitable and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

                                                                      Respectfully Submitted,

Dated: March 20, 2020                  By:   */s/ Kevin Abramowicz*
                                                                      Kevin Abramowicz
                                                                       PA ID No. 320659
                                                                       BCJ Law LLC
                                                                       186 42nd Street, PO Box 40127
                                                                       Pittsburgh, PA 15201
                                                                       (412) 223-5740 – office
                                                                       (412) 626-7101 – fax
                                                                       kevina@bcjlawyer.com

                                                                       Eugene D. Frank, Esquire
                                                                       PA ID No. 89862
                                                                       Law Offices of Eugene D. Frank, P.C.
                                                                       3202 McKnight East Drive
                                                                       Pittsburgh, PA 15237
                                                                       (412) 366-4276 – office
                                                                       (412) 366-4305 – fax
                                                                       efrank@edf-law.com

                                                                       *Attorneys for Plaintiff*