IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LEZARK, | ) |
| | ) |
| | ) 2:20-CV-00403-CCW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| I.C. SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant I.C. System, Inc.'s Motion for Leave to Seal/Redact Portions of Plaintiff's Proposed Amended Complaint ("Motion to Seal"). ECF No. 30.

**I.   Background**

Plaintiff commenced this putative class action on March 20, 2020, alleging that certain of Defendant's practices in attempting to collect debts on behalf of medical providers violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq. See* ECF No. 1. On January 11, 2021, following a period of limited discovery related to class certification, Plaintiff filed a motion for leave to file an amended complaint, to which Defendant consented. *See* ECF No. 25. Certain portions of Plaintiff's proposed amended complaint were redacted, pursuant to Defendant's request to designate such portions as "confidential." *See id.* at ¶¶ 6–7. Plaintiff also provided the Court with the unredacted version of the proposed amended complaint. On January 12, 2021, the Court granted Plaintiff's motion to the extent he sought leave to file an amended complaint, but denied the motion to the extent Plaintiff sought to file his amended complaint in redacted form because "Plaintiff's Motion fails to articulate sufficient grounds for said redactions" in light of the

standards articulated by the United States Court of Appeals for the Third Circuit Court. ECF No. 26 (citing *In re Avandia*, 924 F.3d 662 (3d Cir. 2019)).

On January 18, 2021, Defendant filed its Motion to Seal, ECF No. 30, claiming that the redactions to Plaintiff's proposed amended complaint are warranted because the redacted allegations "are predicated on confidential and proprietary information about the internal procedures, practices, and collection strategies of Defendant including referrals of accounts to attorneys." *Id.* at ¶ 11. Defendant further avers that it "has a legitimate proprietary interest in keeping its internal proprietary business practices and strategies confidential in the highly competitive debt collection industry." *Id.* According to Defendant, it will "suffer a clearly defined and serious injury if the confidential information about the proprietary and internal procedures, practices, and strategies of Defendant were not permitted to be filed under seal" because "Defendant's competitors and the individuals from whom Defendant attempts to collect delinquent financial obligations will have access to the information and will be able to use the information to their strategic advantage and to the detriment of Defendant, should this Court not grant this Motion to Seal." *Id.* at ¶ 14 (citing ICS Dec. at ¶ 12, ECF No. 30-1). Finally, Defendant claims that partial redaction/sealing is the least restrictive means of protecting this information, *see id.* at ¶ 16, and that the public's interest in having access to such information is "dwarfed" by the harm Defendant claims it would suffer from disclosure. *Id.* at ¶ 17.

**II.    Discussion**

Defendant's Motion to Seal (and supporting brief) only address the common law public right of access as opposed to a right of access under the First Amendment to the Constitution. *See* ECF No. 30 at ¶¶ 7–10; ECF No. 31 at 3–4. Because the Court concludes that Defendant has failed to make the required showing to warrant sealing of the proposed amended complaint under the public right of access, it need not address whether the First Amendment right of access applies

here or whether Defendant has satisfied the higher showing required under the First Amendment. *See In re Avandia*, 924 F.3d at 673 (noting that strict scrutiny applies to the First Amendment right of access and that it "requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed.") (quoting *In re Cendant Corp.*, 260 F.3d 183, 198 n.13 (3d Cir. 2001)).

Under the common law, there is a presumptive right of public access to a judicial record, i.e. "a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* at 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d at 192). The party seeking to seal judicial records "bears the burden of showing 'that the interest in secrecy outweighs the presumption,'" *id.* (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)).

To overcome this "strong presumption," the movant "must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). "Courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). However, "'[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.'" *Id.* at 673 (quoting *In re Cendent Corp.*, 260 F.3d at 194); *see also LEAP Sys., Inc. v. MoneyTrax, Inc.* 638 F.3d 216, 222 (3d Cir. 2011) (noting that a party's "vague assertions" that a transcript contained "secretive business information" the disclosure of which would "render [the party] at a tactical disadvantage" were "insufficient, on their own, to establish a strong interest in maintaining confidentiality") (internal quotation marks omitted).

Here, Defendant has not satisfied its burden to show that its interest in secrecy is sufficient to rebut the strong presumption in favor of public access to judicial records.  First, the proposed redactions would protect from public disclosure only high-level descriptions of Defendant's internal practices and procedures.  Defendant all but concedes as much when it notes that the allegations it wants to seal are only "predicated" on allegedly confidential materials produced to Plaintiff during class-certification discovery—not those materials themselves.  Second, Defendant's conclusory claim that its competitors may be able to use the information in Plaintiff's proposed amended complaint to Defendant's competitive disadvantage fails to provide "specific examples or articulated reasoning" sufficient to overcome the presumption in favor of public access.  Indeed, although Defendant provides generalized descriptions of the allegedly "proprietary information" included in Plaintiff's proposed amended complaint, *see* ECF No. 30 at ¶ 19 and ECF No. 31 at 4–5, it does not articulate how such information could be used to its detriment, only offering the conclusory assertion that the information could be strategically advantageous to its competitors and individuals from whom it seeks to collect debts.  *See* ECF No. 30 at ¶ 14 (citing to ICS Dec. at ¶ 12, ECF No. 30-1);  ECF No. 31 at 4–5.

Finally, Defendant's bald assertion that "no [public] interest exists that would outweigh Defendant's potential injury in keeping its proprietary business strategies from view of the public," fails to adequately account for the important public interest at stake.  ECF No. 31 at 5.  "[T]he right of access is not a mere formality — it 'promotes public confidence in the judicial system'; 'diminishes possibilities for injustice, incompetence, perjury, and fraud';  and 'provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness.'"  *In re Avandia,* 924 F.3d at 677 (quoting *Litlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir. 1988)).  Thus, while a specific showing of harm—such as the disclosure of a trade secret—

may suffice to rebut the presumption in favor of public access to judicial records, merely asserting that the public's interest does not "outweigh" the "potential injury" renders the public right of access analysis into a simple balancing test. It is not. The presumption of public access is a "thumb on the scales in favor of openness," *id*. at 676, and Defendant has not rebutted that presumption.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion is hereby DENIED. Plaintiff shall file his proposed amended complaint in unredacted form on or before January 22, 2021.

DATED this 20th day of January, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record