## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### CASE NO.:  2:20-cv-403

**JEFFREY LEZARK, individually and**
**on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**

**I.C. SYSTEM, INC.,**

      **Defendant.**

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO AMEND OR SET ASIDE JUDGMENT AND GRANT LEAVE TO AMEND

COMES NOW, Defendant, I.C. SYSTEM, INC., and files this Response to Plaintiff's Motion for Reconsideration or, in the Alternative, Motion to Amend or Set Aside Judgment and Grant Leave to Amend and states as follows:

### I.  Introduction

The Plaintiff's Motion for Reconsideration presents the classic example of buyer's remorse. Overcome by his own confidence that the court would deny the Defendant's Motion for Judgment on the Pleadings and instead, grant him summary judgment, the Plaintiff affirmatively decided against filing a timely motion to amend. But, now that an adverse judgment has been entered against him,

he seeks a "mulligan." The Motion however is fatally flawed, and the court should not reward the Plaintiff's lack of diligence by re-starting this case.

## II. Background

More than three (3) years ago, and just one month before the statute of litigation expired, the Plaintiff sued the Defendant claiming its April 1, 2019 collection letter (the "Collection Letter") violated the Fair Debt Collection Practices Act (FDCPA). *See*, Complaint, Doc. 1, *generally*. The essence of the Plaintiff's claim was that the Collection Letter falsely implied that, if the Plaintiff didn't pay, he could be sued—even though the Defendant knew the Plaintiff wouldn't be sued over the debt. *Ibid.* at ¶ 17.

On May 29, 2020, the court entered its Case Management Order setting, as relevant here, August 27, 2020 as the deadline to amend the pleadings and setting November 25, 2020 as the deadline to complete class certification discovery. *See*, Doc. 12 at ¶¶ 2 and 4. On November 10, 2020, the court entered an Order extending the deadline to complete class certification discovery until January 11, 2021. *See*, Doc. 24.

On January 11, 2021, after amendment to pleadings deadline had passed, Plaintiff requested and was given leave to amend his complaint. *See*, Doc. 25 and 34.  On January 22, 2021, Plaintiff field his Amended Complaint. *See*, Doc. 36.

On January 22, 2021, the Court entered its second Case Management Order extending the discovery deadline to April 26, 2021 for the parties to complete "additional discovery focused on the individual claim of Plaintiff" and setting the deadline to file dispositive motions as May 26, 2021. *See,* Doc. 37. The Plaintiff then engaged in extensive discovery, which included written requests for documents and the taking of depositions.

On May 26, 2021, the Defendant filed a Motion for Judgment on the Pleadings arguing that the Plaintiff's Complaint fails to state of cause of action under the FDCPA because there is no authoritative support for the concept that merely stating–truthfully–that an account may be referred to an attorney is a *per se* threat of litigation. *See*, Doc. 46.

On June 16, 2021, Plaintiff filed his Response to Defendant's Motion for Judgment. *See*, Doc. 50. There he argued, for the first time, that Defendant's letter was misleading because the lawyers Defendant may refer the account to, if the debt was not paid, are not "lawyers that act like real lawyers act," but, are instead merely "debt collectors" that also happen have law licenses. *See*, Doc. 50 at p. 11. The Plaintiff did not seek leave to amend at that time.

On March 29, 2022, the Court granted the Defendant judgment on the pleadings ruling that the Plaintiff's Amended Complaint "does not state a claim on which relief can be granted" because Defendant's letter was not "false, deceptive,

or misleading" under the FDCPA. *See,* Doc. 60 at pp. 1-2 and Doc. 61. In so doing, the Court also considered Plaintiff's "additional postulate – not laid out in the Amended Complaint – that the least sophisticated debtor will necessarily read the word 'attorney' as 'attorney, acting like attorneys usually act'" and found the Collection Letter "is not false, misleading, or deceptive under either proposed reading." *See*, Doc. 60 at p. 9. The Court found, "whether Mr. Lezark frames the 540 Letter as directly implying legal action was possible, or as implying 'an attorney, acting like a real attorney' would get involved (and therefore indirectly implying legal action was possible), his proffered readings of the letter require additional inferential steps that the plain language of the 540 Letter does not permit… at most, the 540 Letter truthfully says to the least sophisticated debtor, 'if you don't pay, you may be hearing from a lawyer.'" *See*, Doc. 60 at pp. 13-14.

### III.   Plaintiff's Motion for Reconsideration

On April 25, 2022, Plaintiff filed his Motion for Reconsideration and supporting memorandum. *See*, Doc. 66 and 67. Plaintiff seeks "leave to file a second amended complaint… [that] incorporates evidence that Lezark obtained over the course of discovery." *See,* Doc. 67 at p. 2. Plaintiff alleges much of the evidence he seeks to incorporate into the second amended complaint "was not obtained until after the first amended complaint was filed" but admits that he had received it prior to filing his motion for summary judgment. *See,* Doc. 67 at p. 2.

And he oddly argues that "[a]t the beginning of the case, no party intended to file a motion for judgment on the pleadings" so Plaintiff "did not anticipate the filing of dispositive Rule 12 Motions." *See,* Doc. 67 at pp. 2-3.

Plaintiff attached his proposed Second Amended Complaint as an exhibit to his Motion for Reconsideration. Notably, the Second Amended Complaint alleges that, after reading the Collection Letter, "Plaintiff believed he would be sued if he failed to pay," revised from the initial claim that "Plaintiff believed his account *would be sent to an attorney* and that he would be sued." Compare Doc. 67-1 at ¶ 67 to Doc. 36 at ¶ 43 (emphasis added).

## IV.   Argument

### I.   The Plaintiff has failed to provide a legal basis for the court to vacate its judgment.

Before the court could even consider the Plaintiff's request to amend the pending complaint, it would first need to find that the Plaintiff has demonstrated that the Judgment must be vacated. *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 367-68 (3d Cir. 2013) ("When a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to [Rule] 59(e) or 60(b), because the complaint cannot be amended while the judgment stands.") Here, the Plaintiff has provided no compelling reason for the court to reconsider its prior ruling. His arguments instead focus on his belated

request to amend the complaint, while providing no reasonable basis for his delay

in seeking leave sooner.

The Third Circuit noted in *Jang* that it "has declined to reward a wait-and-

see approach to pleading." *Id.*, citing, *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204

(3d Cir.2006) ("When a party fails to take advantage of previous opportunities to

amend, without adequate explanation, leave to amend is properly denied."); *In re*

*Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir.2004) ("Plaintiffs relied at

their peril on the possibility of adding to their complaint....").

## II.   Because the Plaintiff requests leave to amend the pending complaint *after* the amendment to pleadings deadline has passed, Rule 16(b)(4) applies and requires the Plaintiff to show "good cause," yet the Plaintiff hasn't even cited Rule 16(b)(4) much less argued he's met its standard here.

The Third Circuit Court has made clear that a plaintiff seeking to amend the

complaint *after* the amendment to pleadings deadline in the case management

order passes must show "good cause" under Rule 16(b)(4), meaning the

amendment deadline could not have been met by the plaintiff had he exercised due

diligence. *See, Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316 (3rd Cir.

2020). And the Plaintiff is keenly aware of this requirement as evidenced by the

fact that he cited Rule 16 in the Motion for Leave to File First Amended Complaint

that he filed more than a year ago *after* the amendment to pleadings deadline had

expired and stated: "Good cause exists for Lezark to file the amended complaint,

*as required by Fed. R. Civ. P. 16(b).*" *See*, Doc. 25 at ¶ 3 (emphasis added). Yet Rule 16 appears nowhere in the motion at bar. Because the Plaintiff has failed to even address Rule 16(b)(4) in his motion requesting leave to file a second amended complaint, much less argue its requirements have been met, he has forfeited the point and the motion must be denied. *See, Premier Comp Sol.* supra.

### III. Even if the court were to apply Rule 15 instead of Rule 16, the Plaintiff should not be given leave to amend since there was undue delay, bad faith, or dilatory motive.

In his Motion, the Plaintiff argues he "already presented his proposed amendments and already requested leave to file them" because he "requested to incorporate the allegations and evidence contained therein, with an amended complaint, to the extent that the Court granted ICS's motion for judgment on the pleadings." *See,* Doc. 67 at p. 4. Stated another way, the Plaintiff, in essence, argues that by including certain statements or requests in prior briefing on the pending dispositive motions, he requested leave to file a second amended complaint. But this argument ignores Rule 7(b)(1), which requires that every request for relief be made by a distinct motion. *Id.* No such motion was filed by the Plaintiff. Even now, when requesting leave to file a second amended complaint, the Plaintiff has chosen to improperly combine multiple requests for relief in a single motion.

Even putting those issues aside, the Plaintiff has unduly delayed seeking leave to file a second amended complaint. And the Plaintiff's own words demonstrate the accuracy of the Defendant's position. In his sur-reply to the Defendant's MJP, the Plaintiff specifically argued that contrary to the Defendant's argument in its briefing, he "did not seek to amend his complaint by responding to ICS's motion for judgment on the pleadings, as ICS argues, (Doc. 52, pp. 4-5), *because Lezark's FDCPA claim, and all supporting facts, were alleged in the amended complaint*." *See*, Doc. 57 at p. 4 (emphasis added). Now, contrary to this prior unequivocal assertion, he seeks leave to amend claiming he needs to assert new facts that would defeat the Defendant's Motion for Judgment on the Pleadings. The court should not permit the Plaintiff to gain an advantage in the case by taking contrary positions on the same issue during the case.

## IV. The proposed Second Amended Complaint is futile and therefore, Rule 15—if applicable—would require the court to deny the Plaintiff's request for leave to amend.

As argued in Lezark's own Sur-Reply to Defendant's Motion for Judgment on the Pleadings, "the [first] amended complaint [already] pled the very theories on which Lezark relies" in his proposed Second Amended Complaint. *See,* Doc. 57 at p. 4. In fact, Plaintiff even summarized his own First Amended Complaint as "alleging that legal action is impossible, that the NLAR vendor cannot act in a legal capacity, but acts as a collection agency, and that ICS does not have and

never obtains authority to refer accounts to attorneys that can take legal action (*i.e.*, attorneys that act like real attorneys)." *See*, Doc. 57 at p. 5. Plaintiff's Motion for Reconsideration argues that "although Lezark believes the original and first amended complaints pled facts to prove it is reasonable for consumers to believe legal action is possible, even though such action is impossible, the second amended complaint clearly pleads sufficient facts to prove this contention." *See*, Doc. 67 at p. 7.

In granting Defendant's Motion for Judgment on the Pleadings, the Court explicitly considered Plaintiff's "additional postulate… that the least sophisticated debtor will necessarily read the word 'attorney' as 'attorney, acting like attorneys usually act'" and found, even under that alternative "proposed reading," that the Collection Letter "is not false, misleading, or deceptive." *See*, Doc. 60 at p. 9. Plaintiff's Motion for Reconsideration must be denied as Plaintiff's proposed Second Amended Complaint would be futile.

## V.   Conclusion

The Plaintiff waited until he'd lost his case to seek leave to amend a second time. His lack of diligence dooms his request for leave. And he's given this court no reason to second-guess its ruling granting the Defendant's Motion for Judgment on the Pleadings. Those factors, as well as the fact that allowing the Plaintiff to file and pursue the proposed second amended complaint would be futile and cause the

Defendant prejudice by requiring it to incur more cost to relitigate a case it's already won, strongly suggest the court should deny the motion at bar.

Respectfully submitted by:

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**


BY:   *s/Danielle M. Vugrinovich*
　　　　Danielle M. Vugrinovich, Esquire
　　　　PA ID #88326
　　　　**Counsel for Defendant,
　　　　I.C. System, Inc.**
　　　　Union Trust Building
　　　　501 Grant Street, Ste. 700
　　　　Pittsburgh, PA  15219
　　　　412-803-1185
　　　　dmvugrinovich@mdwcg.com

LEGAL/146121932.v1