IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY LEZARK,                          )
                                         )
                                         )   2:20-CV-00403-CCW
                    Plaintiff,           )
                                         )
        v.                               )
                                         )
I.C. SYSTEM, INC.,                       )
                                         )
                                         )
                    Defendant.           )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jeffrey Lezark's Motion for Reconsideration or, in the Alternative,
Motion to Amend or Set Aside Judgment and Grant Leave to Amend.  For the reasons that follow,
Mr. Lezark's Motion will be DENIED.

**I.     Background**

On March 29, 2022, the Court issued a Memorandum Opinion, *see* ECF No. 60, and Order,
*see* ECF No. 61, granting Defendant I.C. System, Inc's ("ICS") Motion for Judgment on the
Pleadings, *see* ECF No. 46, and dismissing Mr. Lezark's Amended Complaint.

In short, this case centers on certain language used by ICS in a standard debt-collection
letter—the so-called "540 Letter"—that it sends as part of its collections process.  *See* ECF No. 60
at 2.  In relevant part, the 540 Letter states that "[i]f you fail to contact us to discuss payment of
this account, our client has authorized us to pursue additional remedies to recover the balance due,
including referring the account to an attorney." *Id.*  Mr. Lezark claimed in his Amended Complaint
that this language is false, deceptive, and misleading, in violation of Sections 1692e and 1692f of
the Fair Debt Collection Practices Act ("FDCPA"), because the 540 Letter "implies that legal
action is possible when legal action is not possible and/or intended." *Id.* at 3.  According to Mr.

Lezark, a debtor could be misled because the "attorney" referred to in the 540 Letter is one of ICS's Non-Litigation Referral ("NLAR") Vendors, none of whom is authorized to initiate a lawsuit against a given debtor at the time ICS refers that debtor's account to the NLAR vendor. *See id.*; *see also* ECF No. 36 ¶¶ 44–48. Furthermore, in opposing ICS's Motion for Judgment on the Pleadings, Mr. Lezark articulated a refined theory of the case, under which the 540 Letter is misleading because it could be read by a debtor to imply that "an attorney acting like a real attorney" might become involved—that is, that invocation of the word "attorney" necessarily would lead a debtor to conclude that litigation was possible, when, in fact, the "attorney" referenced (the NLAR vendor) was not authorized to initiate a lawsuit. *See* ECF No. 50 at 8 ("Here, the 540 Letter can be read to have multiple inaccurate meanings, even if it does not explicitly threaten litigation. For instance, by claiming ICS can refer accounts to attorneys, the 540 Letter can be reasonably read to mean ICS can refer accounts to lawyers that act like real lawyers.").

In granting ICS's Motion for Judgment on the Pleadings, the Court applied the "least sophisticated debtor" standard applicable under the FDCPA, *see* ECF No. 60 at 6 (noting that "'[b]ecause the FDCPA is a remedial statute…we construe its language broadly, so as to effect its purpose…[a]ccordingly, 'lender-debtor communications potentially giving rise to claims under the FDCPA…[are] analyzed from the perspective of the least sophisticated debtor.'") (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453–54 (3d Cir. 2006)), and concluded,

> whether Mr. Lezark frames the 540 Letter as directly implying legal action was possible, or as implying "an attorney, acting like a real attorney" would get involved (and therefore indirectly implying legal action was possible), his proffered readings of the letter require additional inferential steps that the plain language of the 540 Letter does not permit. Indeed, at most, the 540 Letter truthfully says to the least sophisticated debtor, "if you don't pay, you may be hearing from a lawyer." Mr. Lezark's reading of the 540 Letter requires the kind of idiosyncratic gloss on a debt collection letter that the least sophisticated debtor standard prohibits, given that Mr.

2

> Lezark's reading conflates the bare prospect of attorney involvement and/or additional remedies with the belief that he would be sued.

ECF No. 60 at 13–14 (citation omitted).  In other words, the problem with Mr. Lezark's Amended Complaint was not the specific legal theory articulated, *see* ECF No. 57 at 5;  rather, the Amended Complaint was dismissed because the Court concluded that Mr. Lezark's reading of the 540 Letter failed to "preserv[e] a quotient of reasonableness and presum[e] a basic level of understanding and willingness to read with care'" necessary to the least sophisticated debtor standard.  *Jensen v. Pressler & Pressler,* 791 F.3d 413, 418 (3d Cir. 2015) (citations omitted).

In the present Motion, Mr. Lezark seeks reconsideration and/or leave to file a second amended complaint.  *See* ECF No. 66.  Mr. Lezark contends that the Court erred by granting ICS's Motion for Judgment on the Pleadings without considering evidence submitted by Mr. Lezark in opposition to ICS's Motion and/or by not granting Mr. Lezark's request for leave to amend.  *See* ECF No. 67 at 1.  Although the Court did not expressly rule on Mr. Lezark's request to amend, the Court notes that Mr. Lezark only belatedly sought leave to amend in his surreply to ICS's Motion for Judgment on the Pleadings.  *See* ECF No. 57 at 5.  In the alternative, Mr. Lezark argues that even if the Court's implicit denial of his request for leave to amend was not error, leave to amend should be granted anyway under Federal Rule of Civil Procedure 15 and because consideration of the factual material submitted by Mr. Lezark in opposition to ICS's Motion reveals that Mr. Lezark's claims are viable.  *See* ECF No. 67 at 3–4 and 6–8.

## II.    Standard of Review

Essentially, Mr. Lezark's Motion seeks leave to file a second amended complaint, and advances two independent grounds as to why such leave should be given:  either (1) the Court erred by not considering the factual material submitted by Mr. Lezark in opposition to ICS's Motion and by implicitly denying Mr. Lezark's belated request for leave to amend, or (2) the

judgment should be set aside and leave to amend granted because Mr. Lezark timely moved under Rule 59(e) and because leave to amend should be liberally granted under Rule 15.

To succeed on a motion for reconsideration, the party seeking to have a judgment altered or amended must demonstrate either: (1) a change in controlling law; (2) the availability of new evidence not previously before the court; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Allaham v. Naddaf,* 635 Fed. Appx. 32, 35–36 (3d Cir. 2015) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Motions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier." *Schneller v. Phila. Newspapers, Inc*., 636 F. App'x 865, 868 (3d Cir. 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

As to Mr. Lezark's request for leave to amend, "[w]hen a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), because the complaint cannot be amended while the judgment stands." *Jang v. Bos. Sci. Scimed, Inc*., 729 F.3d 357, 367–68 (3d Cir. 2013) (citing *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 252 (3d Cir. 2007)). And, although Mr. Lezark relies on Rule 15 in seeking leave to amend, *see* ECF No. 67 at 3–4,

> when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.

4

*Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).[1]  "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (citing Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").  As such, "'if the party was not diligent, there is no "good cause" for modifying the scheduling order and allowing the party to file a motion to amend its pleading.'"  *Id.* (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)).

## III.  Discussion

Here, rather than identifying any change in controlling law, newly discovered evidence, or clear error of law or fact, Mr. Lezark's Motion, to the extent it seeks reconsideration, is instead premised on his contention that the Court erred by (a) not considering evidence submitted by Mr. Lezark in opposition to ICS's Motion for Judgment on the Pleadings and/or (b) not explicitly ruling on an offer to amend put forth by Mr. Lezark *for the first time* in his surreply to ICS's Motion.

First, it was not clearly erroneous for the Court to decline to consider the evidence submitted by Mr. Lezark in opposition to ICS's Motion for Judgment on the Pleadings (and thereby decline to convert ICS's Rule 12(c) motion into a Rule 56 motion) because (1) "[c]onversion to summary judgment is generally not appropriate where, as here, only the nonmoving party has

---

[1] Mr. Lezark posits that "[i]t is unclear if this standard [i.e. "good cause" under Rule 16] applies after a judgment has been issued."  ECF No. 67 at 5 n.1 (citing *Premier*, 970 F.3d at 319 (requiring good cause after entry of judgment) and *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019) (analyzing request to amend after entry of judgment under Rule 15, without mentioning Rule 16)).  The appropriate standard is not "unclear" however, because the applicability of Rule 15 or Rule 16 to a request for leave to amend does not turn on whether or not a judgment has been entered;  rather, the determinative factor is whether the deadline for seeking amendment set by the district court has passed.  *See Premier*, 970 F.3d at 319.  Here, that deadline passed on August 27, 2020, *see* ECF No. 12, long before Mr. Lezark requested leave to amend in his surreply brief in opposition to ICS's Motion (filed July 1, 2021, *see* ECF No. 57) or requested said leave to amend through the instant Motion (filed April 25, 2022, *see* ECF No. 66).

introduced evidentiary exhibits in response to a … motion for judgment on the pleadings," *Two-Way Media Ltd. v. Comcast Cable Communs.*, LLC, Civil Action No. 14-1006-RGA, 2016 U.S. Dist. LEXIS 107478, at *11 (D. Del. Aug. 15, 2016) (citations omitted), and (2) the Court concluded that the 540 Letter was not deceptive as a matter of law based on the allegations of the Amended Complaint—therefore, "the evidence submitted by Mr. Lezark [was] not necessary to resolving ICS's Motion."  ECF No. 60 at 8.  Indeed, Mr. Lezark's present Motion and proposed second amended complaint rely on essentially the same underlying theory that the Court rejected before—namely, that the word "attorney" must be read to mean "attorney that acts like a real attorney," where "real attorney" is defined under the least sophisticated debtor standard as "attorney authorized to initiate legal proceedings against the debtor."  *See* ECF No. 67 at 6–7; ECF No. 60 at 13–14.  Nothing in the present Motion persuades the Court that a different conclusion is warranted now.

Next, under Third Circuit precedent, it is not error for a district court to decline to consider an argument—like Mr. Lezark's initial request for leave to file a second amended complaint—raised for the first time in a surreply brief.  *See Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.,* 11 F.3d 385, 388 (3d Cir. 1993) ("The district court properly exercised its discretion and refused to consider contentions first addressed in the sur reply memorandum.") (citing *In re Data Access Sys. Secs. Litig.*, 103 F.R.D. 130, 149 (D.N.J. 1984)).  As such, the Court concludes that Mr. Lezark has not met any of the threshold showings necessary to warrant reconsideration under either Rule 59 or Rule 60 of the Court's decision to grant ICS's Motion for Judgment on the Pleadings, or its implicit denial of his initial request for leave to amend.

Finally, because his request for leave to amend requires that the judgment first be amended or set aside pursuant to Rule 59(e) or Rule 60(b), *see Jang,* 729 F.3d at 367–68, he cannot succeed

6

on his alternative ground for relief, either.  As such, the Court need not determine whether Mr. Lezark was sufficiently diligent in pursuing amendment to satisfy the "good cause" showing required under Rule 16(b)(4).  Accordingly, Mr. Lezark's present Motion will be denied.

## IV.     Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiff Jeffrey Lezark's Motion for Reconsideration or, in the Alternative, Motion to Amend or Set Aside Judgment and Grant Leave to Amend, ECF No. 66 is DENIED.

DATED this 6th day of June, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record